UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA R. JARVIS,

              Plaintiff,

-vs-                                           Case No.  6:08-cv-138-Orl-19KRS

MICHAEL D. GRIFFIN, Administrator of the
National Aeronautics and Space Administration,

              Defendant.
_____

# ORDER

This case comes before the Court on the Motion of Defendant Michael D. Griffin to Dismiss and for Judgment on the Pleadings (Doc. No. 14, filed July 10, 2008), and the Response of Plaintiff Cynthia R. Jarvis in Opposition to Defendant's Motion to Dismiss (Doc. No. 17, filed Aug. 25, 2008).

## Background

Plaintiff Cynthia R. Jarvis filed this employment discrimination action against Michael D. Griffin, the Administrator of the National Aeronautics and Space Administration ("NASA"). Jarvis alleges that she was a NASA employee for twenty-eight years and worked at the Kennedy Space Center in Brevard County, Florida.  (Doc. No. 1. ¶¶ 3, 10.)  She contends that she was treated differently from similarly situated male employees, subjected to a hostile workplace, and faced retaliation after bringing an employment discrimination charge against the agency.[1]  (*Id.* ¶¶ 13-14.)

_____

[1]     Jarvis contends that NASA management failed to comply with a judgment from an earlier filed discrimination claim and further retaliated against her for bringing the claim in the first place.  (Doc. No. 1 ¶¶ 24-62.)  For instance, Jarvis contends that NASA outsourced some of her job duties and did not permit her to take leave under the Family Medical Leave Act, 29 U.S.C. §§ 2601-
(continued...)

As a result, Jarvis brings claims for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Counts I and II), a violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)(A) (Count III), violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (Counts IV and V), and a violation of the Back Pay Act, 5 U.S.C. § 5596 (Count VI).

Griffin has moved to dismiss all six of these claims. He argues that Counts I, II, and III must be dismissed because Jarvis did not seek EEO counseling for the Title VII claims and sought no administrative remedies for the Whistleblower Protection Act ("WPA") claim. (Doc. No. 14 at 2-7.) Griffin also contends that Count IV and V must be dismissed because Jarvis fails to allege that each of her Fair Labor Standards Act ("FLSA") claims is for less than the $10,000 jurisdictional maximum established by the Little Tucker Act, 28 U.S.C. § 1346(a)(2). (*Id.* at 7-9.) Likewise, he argues that Count VI must be dismissed because this Court's subject matter jurisdiction to adjudicate a Back Pay Act ("BPA") violation is contingent on establishing a basis to receive the pay. (*Id.* at 9-10.)

### Standards of Review

Griffin's Motion to Dismiss seeks dismissal under several Federal Rules of Civil Procedure. He seeks dismissal of the Title VII and WPA claims under Rules 12(d) and 56 because his arguments require the Court to consider documents extrinsic to the Complaint and attached exhibits. (*Id.* at 1-2.) Griffin seeks dismissal of the FLSA and BPA claims under Rule 12(b)(1) for lack of subject matter jurisdiction. (*Id.* at 1.)

---

[1](...continued)
54. (*Id.*)

## I.      Summary Judgment Pursuant to Rules 12(d) and 56

The parties agree that Griffin's request for dismissal of Counts I, II, and III must be treated as a request for summary judgment.  (Doc. No. 14 at 2; Doc. No. 17 at 3-4); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004).  An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case.  *Hickson Corp.*, 357 F.3d at 1259.  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Id.* at 1260.  A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving

party. *Anderson*, 477 U.S. at 255.  The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*  On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## II.      Dismissal for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.*  In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).  If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  In a facial challenge, a court assumes that all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529.  In a factual challenge, a court must determine if it has power to hear the case. *Id.*  A court

is not required to assume that a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims.  *Id.*

## Analysis

### I.     Exhaustion of Administrative Remedies

Griffin first argues that Jarvis' Title VII and WPA claims must be dismissed because she has not exhausted her administrative remedies.  Federal employees such as Jarvis are required to first exhaust all administrative remedies before filing an employment discrimination complaint in federal court.  42 U.S.C. § 2000e-16(c);  *Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976);  *Foxx v. Dalton*, 46 F. Supp. 2d 1268, 1275 (M.D. Fla. 1999).  "This requirement includes 29 C.F.R. § 1614.105(a)(1), which mandates that a plaintiff to an employment discrimination claim initiate contact with a counselor[2] within forty-five days of the alleged discriminatory act."  *Foxx*, 46 F. Supp. 2d at 1275.  As a general matter, the failure to contact a counselor within the specified time frame precludes recovery in the same manner that a statute of limitations bars an untimely claim. *Id.*  Nevertheless, in certain circumstances, the employee may establish that his or her failure to contact the counselor within forty-five days should be subject to the doctrines of "equitable tolling, waiver, or estoppel."  *Twitty v. Potter*, No. 4:07-cv-107-SPM/WCS, 2008 WL 2277528, at *3 (M.D. Fla. May 30, 2008) (citing *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)).  Relief under these doctrines "is granted 'sparingly' and it is appropriate in situations where a 'claimant has

---

[2]     Under 29 C.F.R. § 1614.105, federal employees "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."  The counselor is referred to as an Equal Employment Opportunity ("EEO") counselor by many federal agencies.  *See, e.g.*, Nat'l Aeronautics and Space Admin., EO Compliance, Complaints Resolution and Alternative Dispute Resolution (ADR) Division, http://www.hq.nasa.gov/office/codee/ec.html (last visited Nov. 5, 2008).

been induced or tricked by his adversary's misconduct.'"  *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1991)).

This exhaustion requirement similarly applies to cases in which an employee files a WPA action.  *Hendrix v. Snow*, 170 F. App'x 68, 78-79 (11th Cir. 2006).  Where the employee alleges a "mixed case" of employment discrimination and other illegal activities, the employee may exhaust administrative remedies by complying with EEO procedures or filing a complaint with the Merit Systems Protection Board.  *Id.*  The failure to follow these procedures is subject to the same equitable tolling, waiver, and estoppel exceptions as described above.  *Id.*

In this case, Jarvis concedes that she never contacted an EEO counselor before filing a formal complaint with the "EO office"[3] of her agency.  (Doc. No. 17 at 4.)  However, in an affidavit, she contends that was told by an EEO counselor that the counselors were no longer available to receive complaints and that all complaints should instead be formally filed with the EO office.  (Doc. No. 17-2 ¶¶ 5-7.)  She has also provided an affidavit from a former EEO counselor at the Kennedy Space Center who attests that Tara Gillam, the head of the EO office, indeed told her to direct employees to go directly to the EO office instead of seeking counseling.  (Doc. No. 17-4 ¶¶ 4-5.)  This evidence raises a genuine issue of material fact concerning Jarvis' compliance with the EEO counseling process.  The evidence, construed in Jarvis' favor, suggests that Gillam induced Jarvis into filing a complaint directly with the EO office, thereby preventing her from complying with the proper procedures for asserting her Title VII and WPA claims.  As such, this might be a case where "the claimant was induced or tricked by [her] adversary's misconduct" despite the

---

[3]        The EO office processes employment discrimination complaints.  (*See* Doc. No. 17-4.)  A complaint to the EO office is the next procedural step after informal counseling has failed. *See* 29 C.F.R. § 1614.106.

claimant's diligence in attempting to comply with procedural rules. *Irwin*, 498 U.S. at 96. Accordingly, the Court will not grant summary judgment on Counts I, II, and III of Jarvis' Complaint.

## II.     Subject Matter Jurisdiction for the FLSA Claims

Griffin next brings a facial challenge to the Court's subject matter jurisdiction to hear Jarvis' FLSA claims.  As a general matter, the federal government and its agencies enjoy sovereign immunity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The immunity yields only when specifically waived, and in such cases the extent of the government's waiver of immunity circumscribes the district court's jurisdiction to hear the claim. *Id.*  One such waiver of sovereign immunity is contained in the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which confers concurrent jurisdiction on the district courts and the United States Court of Federal Claims for non-tort civil claims of $10,000 or less against the federal government. *Short v. Chertoff*, 526 F. Supp. 2d 37, 42 (D.D.C. 2007).

The parties do not dispute several points relevant to this statute.  First, they agree that the Court's jurisdiction over Jarvis' claims is dependent on whether each of her claims is for less than $10,000.  (Doc. No. 14 at 8; Doc. No. 17 at 9-10.)  They also do not dispute the one fact that is relevant to this issue: Jarvis does not specify the amount of her claims in the Complaint or otherwise provide an estimation of the amount allegedly due to her.  (Doc. No. 14 at 8; Doc. No. 17 at 9-10.) However, their disagreement concerns whether her failure to make this specific allegation in the Complaint deprives the Court of subject matter jurisdiction.  Griffin argues that Jarvis was required to specifically plead that her claim is for $10,000 or less.  (Doc. No. 14 at 8.)  Jarvis concedes that she may not recover more than $10,000 on each of her FLSA claims, but she argues that her failure

to plead the amount of recovery is not a jurisdictional defect.  (Doc. No. 17 at 9-10.)  Neither party provides case law on point.

Even though the case law does not provide specific guidance on this issue, cases analyzing another jurisdictional statute give some insight.  The jurisdictional maximum of the Little Tucker Act has been described by courts as an  "amount in controversy" requirement.  *Gidden Co. v. Zdanok*, 370 U.S. 530, 565 (1962).  The same description appears in a more commonly litigated jurisdictional statute, 28 U.S.C. § 1332.  When deciding whether the amount in controversy requirement has been met under that statute, the Court first considers whether the amount in controversy can be determined from the face of the Complaint.  *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  If it cannot, the Court considers the allegations of the notice of removal and any summary judgment type evidence offered by the parties.  *Id.*  The party invoking subject matter jurisdiction must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  *E.g.*, *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Because federal courts of are limited jurisdiction, all uncertainties are to be resolved against the existence of jurisdiction.  *E.g.*, *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).[4]

---

[4]        The Court was able to find one district court case requiring the plaintiffs to re-plead their claims in a manner consistent with the Little Tucker Act if they wished to preserve the district court's jurisdiction. *See Kizas v. Webster*, 492 F. Supp. 1135, 1155-56 (D.D.C. 1980). In that case, it appears that the plaintiffs did not know the value of their claims, as opposed to this case where Jarvis concedes that her claims are worth less than $10,000 but does not specifically state so in her Complaint. *See id.* Nevertheless, the analysis in *Kizas* is sufficiently analogous and serves as persuasive reasoning here. There is also a similar body of case law requiring plaintiffs with claims valued at more than $10,000 to elect between waiving recovery above $10,000 or transfer of their claims to the Court of Federal Claims. *E.g.*, *Roedler v. Dep't of Energy*, 255 F.3d 1347, 1351 (Fed. Cir. 2001) ("A district court may permit multi-plaintiff Little Tucker Act cases to proceed when each
(continued...)

Here, Jarvis is the party who bears the burden to establish jurisdiction over her claims. Neither the face of the Complaint nor the evidence she presents establishes that her claims are below or equal to the jurisdictional maximum of the Little Tucker Act.  Thus, under the principles described above, the Court lacks subject jurisdiction over the FLSA claims as they are currently pled, and these claims must therefore be dismissed without prejudice.  Jarvis will be given leave to amend her Complaint to bring the amount of her claims within the Court's jurisdictional maximum.  In the alternative, she may re-file her claims in the Court of Federal Claims.[5]

### III.  Subject Matter Jurisdiction over the Back Pay Act Claim

Griffin finally argues that Jarvis' claim under the BPA must be dismissed for lack of subject matter jurisdiction because she has failed to establish a basis for receiving back pay.  (Doc. No. 14 at 9 (citing *Spagnola v. Stockman*, 732 F.2d 908, 912 (Fed. Cir. 1984)).)  In other words, Griffin contends that the BPA claim must fail because all of Jarvis' other claims fail.  However, the Court rejected Griffin's basis to dismiss Counts I, II, and III.  Accordingly, the BPA claim is viable and will not be dismissed on this basis.  *Spagnola*, 732 F.2d at 912.

### Conclusion

The Motion of Defendant Michael D. Griffin to Dismiss and for Judgment on the Pleadings (Doc. No. 14, filed July 10, 2008) is **GRANTED in part** and **DENIED in part.**  Counts IV and V

---

[4](...continued)
plaintiff waives recovery in excess of $10,000, even when potential liability exceeds $10,000.").

[5]      Griffin also argues that Jarvis is exempt from the FLSA.  (Doc. No. 14 at 8-9.) However, this is not a matter that bears on the Court's subject matter jurisdiction to hear Jarvis' claim.  To the extent Griffin is requesting summary judgment on this issue, the Court will deny the request due to the existence of genuine issues of material fact.  *E.g.*, *Stevenson v. Orlando's Auto Specialists, Inc.*, No. 6:07-cv-500-Orl-19GJK, 2008 WL 4371830, at *3 (M.D. Fla. Sept. 23, 2008). Both parties present evidence with conflicting descriptions of Jarvis' job duties.  (*Compare* Doc. No. 14-2, *with* Doc. No. 17-2.)

are **DISMISSED without prejudice** for lack of subject matter jurisdiction.  Plaintiff may reassert these claims in an Amended Complaint as specified in this Order, provided that Plaintiff files the Amended Complaint within **ten (10) days** of the date of this Order.  All other Counts remain pending.  If Plaintiff elects not to amend and does not dismiss this case in order to file it in the U.S. Court of Claims, the action will proceed on the Complaint currently before the Court, except as stated in this Order.

      **DONE and ORDERED** in Chambers in Orlando, Florida on December 3, 2008.

                        **PATRICIA C. FAWSETT, JUDGE**
                        **UNITED STATES DISTRICT COURT**

Copies furnished to:

Counsel of Record