**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CYNTHIA R. JARVIS,**

       **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-138-Orl-19KRS**

**MICHAEL D. GRIFFIN,**

       **Defendant.**

_____

**ORDER**

This case comes before the court on the following:

1. Motion in Limine and Request for Instruction to Jury at Time Evidence of Jarvis' Prior Discrimination Complaints is Introduced by Defendant Michael D. Griffin (Doc. No. 83, filed Oct. 14, 2009); and

2. Response in Opposition to Defendant's Motion in Limine by Plaintiff Cynthia R. Jarvis (Doc. No. 99, filed Oct. 28, 2009).

**Background**

Plaintiff Cynthia R. Jarvis brings this action against Defendant Michael D. Griffin, Administrator of the National Aeronautics and Space Administration ("NASA"). (Doc. No. 31, filed Jan. 5, 2009.) In Count I of the Amended Complaint, Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), for unlawful sexual discrimination. (Doc. No. 31 ¶ 67.) In Count II, Plaintiff seeks further relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), claiming that she has been intentionally discriminated against, intentionally harassed, and

intentionally retaliated against because of her opposition to Defendant's unlawful employment practices. (*Id.* ¶ 75.)

Cynthia Jarvis is an employee of NASA and has worked at the Kennedy Space Center ("KSC") in Brevard County, Florida for twenty-nine years. (*Id*. ¶¶ 3, 10.) Jarvis contends that while working at KSC, she was treated differently than similarly situated male employees, subjected to a hostile workplace, and faced with retaliation after bringing an employment discrimination charge against NASA. (*Id.* ¶¶ 13, 14.) Jarvis further alleges that NASA management repeatedly requested that she violate federal regulations and retaliated against her when she refused to comply. (*Id.* ¶¶ 13, 25.)

In 2004, Jarvis filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC") for discrimination and harassment, alleging that Jim Smith, Jarvis' supervisor, sent emails to her and others in her department containing pictures of Jarvis' face superimposed on a nude topless picture of a woman jet skiing. (Doc. No. 31 ¶¶ 15, 16.) Jarvis agreed to have the matter referred to Alternative Dispute Resolution where she received a monetary payment, restoration of leave lost due to the incident, and other benefits. In return, Jarvis agreed to accept the money and benefits in complete satisfaction of her claims arising out of the incident. (Doc. No. 53-24.)

In 2005, Jarvis filed a formal complaint with the Equal Employment Opportunity Commission alleging gender discrimination and retaliation arising out of NASA's failure to promote Jarvis to the position of Industrial Property Management Specialist. (Doc. No. 53-24.) The EEOC found that Jarvis had been the "superior applicant for the position" and was denied the promotion in part due to discrimination on the basis of her sex and retaliation for her participation in prior protected Equal Employment Opportunity (EEO) activity. (*Id*.) The EEOC ordered NASA to retroactively promote

Jarvis to the position of Industrial Property Management Specialist, to award back pay and other benefits, and to provide Jarvis with compensation for reasonable attorney's fees and costs. (*Id.*) The EEOC order also stated that NASA should consider whether to discipline any of the persons involved in the failure to promote Jarvis. (*Id.*) The decision was affirmed by the EEOC on appeal. (*Id.*)

## Analysis

### I. Evidence of Prior EEOC Discrimination Complaints

Defendant moves the Court to prohibit Plaintiff from introducing evidence and testimony regarding Plaintiff's 2004 and 2005 claims of discrimination. (Doc. No. 83.) Defendant argues that such evidence is only minimally relevant and should be excluded under Federal Rule of Evidence 403. In the alternative, Defendant argues that the introduction of evidence regarding the prior complaints should be limited either to a description of facts read to the jury or to the testimony of Jarvis stating the nature of the claims, the persons involved, and the resolution of the claims. Finally, Defendant contends that the introduction of any evidence regarding Plaintiff's 2004 and 2005 complaints should be accompanied by a limiting instruction to the jury. (*Id.*) In response, Plaintiff argues that the introduction of evidence of the prior complaints of discrimination is necessary to establish that she engaged in protected activity and that her participation resulted in an adverse employment action. Plaintiff agrees, however, that the introduction of such evidence should be limited in scope and accompanied by a limiting instruction. (Doc. No. 99 ¶¶ 7, 9.)

To establish a *prima facie* case of retaliation, a plaintiff must show that "she engaged in statutorily protected expression, she suffered an adverse employment action, and there was some causal relationship between the two events." *Burgos v. Napolitano*, 330 F. App'x 187, 189 (11th Cir. 2009). A plaintiff engages in statutorily protected expression by filing an EEOC complaint.

-3-

*Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008). A causal connection can be established by demonstrating "that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." *Wallace v. Georgia Dept. of Transp.*, 212 F. App'x 799, 802 (11th Cir. 2006). Evidence of the 2004 and 2005 complaints is therefore relevant to establish that Plaintiff engaged in statutorily protected activity and is also relevant to establish the causal element of the retaliation claim. However, based on Federal Rule of Evidence 403, the introduction of such relevant evidence should be limited based on the provision that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."

The introduction of evidence regarding the 2004 and 2005 complaints, while relevant, must be limited to avoid prejudicing or confusing the jury. In the present suit, Plaintiff asserts a Title VII retaliation claim but does not seek to appeal the findings of the 2004 and 2005 complaints. The introduction of evidence regarding these complaints is therefore likely to confuse the jury, shifting the focus away from the elements of the retaliation claim and towards NASA's culpability for the prior discriminatory actions. To prevent such prejudice and confusion, evidence of the prior complaints may be offered only for the limited purpose of establishing that Plaintiff made the prior complaints and that there is a causal connection between those complaints and the adverse employment actions at issue in the retaliation claim. Accordingly, Plaintiff's presentation of such evidence will be permitted but limited to introduction of evidence regarding the nature of the complaints, the persons involved, and the ultimate resolution of the complaints. The Court will also instruct the jury that any evidence of prior complaints may be considered to establish only that the

Plaintiff made prior complaints and to demonstrate a causal connection between those complaints and the adverse actions.

**II. Evidence that NASA did not Punish the Individuals Involved in the Decision not to Promote Plaintiff**

Defendant next moves to prohibit Plaintiff from introducing evidence and testimony regarding Defendant's decision not to punish or discipline KSC officials who failed to promote Plaintiff, as suggested by the EEOC order. (Doc. No. 83.) Defendant argues that such evidence does not prove disparate treatment of, or retaliation against, Plaintiff. (*Id.*) In response, Plaintiff contends that the decision not to discipline KSC officials was itself further retaliation against Plaintiff and resulted in the same individuals further discriminating and retaliating against Plaintiff. (Doc. No. 99.)

The Supreme Court recently addressed the requirement for retaliation claims brought under Title VII, resolving a circuit split regarding the level of seriousness to which a harm must rise before it becomes actionable retaliation. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). In *Burlington*, the plaintiff, the only woman working in the maintenance department of a railroad yard, complained that her supervisor repeatedly made insulting and inappropriate remarks. *Id.* at 58. As a result, the railroad suspended the supervisor and reassigned the plaintiff from operating a forklift to standard laborer tasks. *Id.* The plaintiff maintained that the reassignment amounted to unlawful gender-based discrimination and filed a complaint for retaliation. *Id.* The Supreme Court granted certiorari to determine how harmful an act of retaliatory discrimination must be in order to fall within the prohibition of Title VII. *Id.* at 60. The Court ultimately found that "[a] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge

-5-

of discrimination.[1]  *Id.* at 68.  The Court emphasized that the challenged adverse action must be material because Title VII does not protect employees from "petty slights or minor annoyances [and does not] set forth a general civility code for the American workplace."[2]  *Id.* at 69.  *Compare Burgos v. Napolitano*, 330 F. App'x 187 (11th Cir. 2009) (concluding that the defendant's failure to consult plaintiff's physician directly regarding her reassignment was not a materially adverse action where plaintiff was not deterred from reinstating her EEOC claim and failed to demonstrate that she suffered any specific harm or that the reassignment was less desirable than her current position) *with Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008) (finding an alleged retaliatory performance review leading to a temporary denial of a merit pay increase to be materially adverse).

As applied in this case, the Court cannot say that a reasonable person would have found NASA's decision not to punish or discipline KSC officials involved in the decision not to promote Plaintiff to be materially adverse.  While the *Burlington* court took a liberal view of what constitutes an adverse employment action, according employees protection from a wide range of retaliatory conduct, NASA's decision not to act on a suggestion provided in an EEOC decision does not fall within the purview of adverse employment action under Title VII.  The Plaintiff does not suggest how such a decision might "deter a reasonable employee from pursuing a pending charge of discrimination

---

[1] The *Burlington* court effectively rejected the standard previously applied by the Eleventh Circuit that required an employee to show either an ultimate employment decision or substantial employment action to establish an adverse employment action for the purposes of a Title VII retaliation claim.  *Crawford v. Carrol*, 529 F.3d 961, 974 (11th Cir. 2008).

[2] The Eleventh Circuit has noted that *Burlington* "strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered materially adverse to him and thus constitute adverse employment actions.  *Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008).

or making a new one." *Burlington*, 548 U.S. at 68. In fact, Plaintiff was not so deterred and subsequently filed two more formal EEOC discrimination complaints. *See Burgos*, 330 F. App'x at 191 (finding an employer's action was not materially adverse where the employee was not deterred from reinstating her EEOC claim). Furthermore, Plaintiff does not demonstrate that she suffered any actual harm from NASA's decision, nor does she provide any evidence demonstrating how the decision materially affected her own employment. Accordingly, Plaintiff will not be permitted to present evidence in support of her claims that NASA did not punish or discipline KSC officials involved in the decision not to promote Plaintiff.

## Conclusion

The Motion in Limine and Request for Instruction to Jury at Time Evidence of Jarvis' Prior Discrimination Complaints is Introduced by Defendant Michael D. Griffin (Doc. No. 83, filed Oct. 14, 2009) is **GRANTED in part** and **DENIED in part.** The motion is **GRANTED** to the extent Defendant seeks to limit the introduction of evidence regarding Plaintiff's prior EEOC complaints and to have the Court instruct the jury that evidence of the prior complaints is introduced only for limited purposes. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Parties