# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CYNTHIA R. JARVIS,**

      **Plaintiff,**

**-vs-**                                                                      **Case No. 6:08-cv-138-Orl-19KRS**

**MICHAEL D. GRIFFIN,**

      **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion Pursuant to Fed. R. Civ. P. 12(h)(3) to Dismiss Count I of Plaintiff's Complaint and to Dismiss any Alleged Hostile Workplace or Sexual Harassment Claim for Lack of Subject Matter Jurisdiction and Memorandum of Law in Support by Defendant Michael D. Griffin (Doc. No. 82, filed Oct. 14, 2009); and

2. Response in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction by Plaintiff Cynthia R. Jarvis (Doc. No. 92, filed Oct. 21, 2009.)

### Background

Plaintiff Cynthia R. Jarvis brings this action against Defendant Michael D. Griffin, Administrator of the National Aeronautics and Space Administration ("NASA"), seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). (Doc. No. 31, filed Jan. 5, 2009.) Cynthia Jarvis is an employee of NASA and has worked at the Kennedy Space Center ("KSC") in Brevard County, Florida for twenty-nine years. (Doc. No. 1 ¶¶ 3, 10, filed Jan. 28, 2008.) Jarvis contends that while working at KSC, she was treated differently from similarly situated male

employees, subjected to a hostile workplace, and faced with retaliation after bringing an employment discrimination charge against NASA. (Doc. No. 31 ¶¶ 13, 14.) Jarvis further alleges that NASA management repeatedly requested that she violate federal regulations and retaliated against her when she refused to comply. (*Id.* ¶ 25.)

Prior to filing the formal complaints underlying the present lawsuit, Jarvis sent an email to Tara Gillman, Manager of the Office of Diversity and Equal Opportunity, on August 17, 2007. (Doc. No. 53-14.) In her email, Jarvis maintained that she was repeatedly requested to violate federal regulations. (*Id.*) She also stated that she was subjected to retaliation for her refusal to comply with these requests, and demanded "that such retaliation immediately cease." (*Id.*) Jarvis claims that this email was sent as an attempt to initiate the pre-complaint process. (Jarvis Dep. at 175, 178.) In her reply email, Gillman instructed Jarvis to contact the Equal Opportunity Specialist or KSC's Discrimination Complaint Manager if she wished to initiate a claim of retaliation. (Doc. No. 53-14.) It appears from the record that Jarvis failed to contact either of these individuals.

In November 2007, Jarvis filed a Complaint of Discrimination with NASA headquarters stating that she was subjected to "ongoing, severe and extreme retaliation" and "had been discriminated against because of her gender." (Doc. No. 82-4.) In December 2007, Jarvis filed a second complaint of discrimination. (Doc. No. 82-5.) In this complaint, Jarvis stated that she had been "placed on AWOL status, denied pay, denied leave, and subjected to other Adverse Personnel Actions." (*Id.*)

**Standard of Review**

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (*citing Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

**Analysis**

**I. Failure to Exhaust Administrative Remedies**

In Count I of the Amended Complaint, Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) for unlawful sexual discrimination. (Doc. No. 31 ¶ 67.) In Count II, Plaintiff seeks further relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), claiming that she has been intentionally discriminated against, intentionally harassed, and intentionally retaliated against as a result of her opposition to Defendant's unlawful employment practices. (*Id.* ¶ 75.) Defendant previously moved for summary judgment on Counts I and II arguing that Plaintiff failed to initiate contact with a Counselor within 45 days of the matter alleged to be discriminatory as required by 29 C.F.R. § 1614.105(a)(1). (Doc. No. 53, filed June 23, 2009.) The Court denied the motion, finding that Plaintiff's August 17, 2007 email to Tara Gillman, Manager of the Office of Diversity and Equal Opportunity, satisfied the requirements of Counselor contact provided by 29 C.F.R. § 1614.105(a)(1). (Doc. No. 73, filed Sept. 21, 2009.) In the present motion,

Defendant argues that the Court lacks subject matter jurisdiction over the sexual discrimination claim in Count I as well as any potential claims for hostile workplace or harassment based on sex because the August 17, 2007 email stated only that Jarvis believed she was being subjected to retaliation for failure to comply with repeated requests to violate the Federal Acquisition Regulation and NASA Policy. (Doc. No. 82-1.) Defendant maintains that by failing to raise the sexual discrimination, hostile workplace, or sexual harassment issues in the August 17, 2007 email, Plaintiff failed to initiate the required Counselor contact for these claims. (Doc. No. 82.) Defendant contends that as a result of this alleged failure to exhaust administrative remedies, the Court lacks subject matter jurisdiction to entertain claims for sexual discrimination, hostile workplace, or sexual harassment. (*Id.*) Defendant further argues that any hostile workplace or harassment based on sex claims should be dismissed for lack of subject matter jurisdiction because Plaintiff allegedly failed to raise these claims in her formal EEOC complaints.

As a federal employee, Plaintiff is subject to the federal employment provision of Title VII which contemplates that each federal agency will establish procedures for the processing of discrimination complaints. *See* 42 U.S.C. § 2000e-16(b). Under Title VII, "a litigant must exhaust available adminstrative remedies in a timely fashion" as a prerequisite to gaining access to federal courts. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825-33 (1976). Timely exhaustion of administrative remedies requires that a federal employee comply with applicable Equal Employment Opportunity Commission ("EEOC") regulations. *See* 29 C.F.R. § 1614. According to EEOC regulations, employees of federal agencies who believe they have been discriminated against must consult a Counselor prior to filing a complaint in order to try and resolve the matter informally. 29 C.F.R. § 1614.105(a)(1). Employees must initiate contact with a Counselor within forty-five days of

the matter alleged to be discriminatory. *Id.* If the matter is not resolved after a mandatory counseling period, the employee may then file a formal written administrative complaint with the EEOC. 29 C.F.R. § 1614.106(a). The employee may not file in federal court until the administrative process has been completed. 29 C.F.R. § 1614.407. Contrary to Defendant's assertions, however, these administrative prerequisites to a court action are not jurisdictional but are instead interpreted as statutes of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94, 102 (1982); *Smith v. Potter*, 310 F. App'x 307, 310 (11th Cir. 2009).

In 1982, the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a prerequisite that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393. In so holding, the Supreme Court noted that the provision granting district courts jurisdiction over Title VII claims, 42 U.S.C. §§ 2000e-5(e) and (f), does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC, nor does it reference a timely filing requirement.[1] *Id.* While the express holding in *Zipes* referenced only the jurisdictional prerequisite of timely filing a charge of discrimination with the EEOC, the Eleventh Circuit has expanded the ruling to include all conditions precedent to filing a Title VII action. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992 (11th Cir. 1982).[2] In *Jackson*, the court reasoned that:

---

[1] "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-(f)(3).

[2] The jurisdictional prerequisites at issue in *Jackson* were the proper naming of a party in the EEOC charge and right-to-sue letter, the timeliness of the EEOC charge, and whether the EEOC charge filed by one party can be used by the non-filing plaintiffs. *Jackson*, 678 F.2d at 1000.

> Although the courts have not had occasion to address the nature of each of Title VII's preconditions, we discern no rational basis for treating those that have not been considered from those that implicitly or explicitly have been held not to be jurisdictional. Therefore, we hold that the conditions precedent to a Title VII action are not jurisdictional prerequisites, which if not satisfied deprive federal district courts of subject matter jurisdiction."

*Id.* at 1009. Therefore, all Title VII procedural requirements to suit are to be viewed as conditions precedent to brining suit rather than jurisdiction requirements.[3] *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525-26 (11th Cir. 1983) (concluding that the requirement that the Attorney General issue a right-to-sue letter is not jurisdictional); *see also Smith*, 310 F. App'x at 310 (finding that timely contact with a Counselor is not a jurisdictional prerequisite); *Gaillard v. Shinseki*, No. 09-11949, 2009 WL 3287524 (11th Cir. Oct. 14, 2009) (*citing Zipes*, 455 U.S. at 393) (concluding that the timely filing of an EEOC complaint is not a jurisdictional prerequisite to suit).

In the present case, Defendant argues that the Court should dismiss Count I and any hostile workplace and sexual harassment claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). Defendant maintains that the Court lacks subject matter jurisdiction over these claims as a result of Plaintiff's alleged failure to contact a Counselor, as well as Plaintiff's

---

[3] In *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446 (11th Cir. 1993), the Eleventh Circuit reaffirmed that all Title VII procedural requirements are conditions precedent to filing suit rather than jurisdictional stating:

> [Defendant] makes the audacious argument that because [plaintiff] did not file an EEOC charge or receive a notice to sue, the district court did not have jurisdiction to entertain [plaintiff's] claim. To make this argument, [defendant] overlooks a decade of Eleventh Circuit precedent holding that the charge and notice to sue are merely prerequisites to filing suit under Title VII.

*Id.* at 449 n.1.

alleged failure to raise the hostile workplace or harassment claims in the formal EEOC complaints.[4]
However, these administrative prerequisites to a court action are not jurisdictional. Accordingly, the disputed claims are not subject to dismissal for lack of subject matter jurisdiction under Rule 12(h)(3).

## II. Failure to State a Claim Upon Which Relief Can be Granted

In the present motion under Federal Rule of Civil Procedure 12(h)(3), the Defendant argues that the Court lacks subject matter jurisdiction over any hostile workplace and sexual harassment claims as a result of the Plaintiff's alleged failure to state a claim upon which relief can be granted. Defendant contends that Plaintiff fails to state a claim upon which relief can be granted because the pleadings do not provide a short, plain statement of these claims as required by Federal Rule of Civil Procedure Rule 8(a)(2).[5] However, Federal Rule of Civil Procedure 12(h)(3) states that the defense of failure to state a claim upon which relief may be granted can only be raised in a pleading under Rule 7(a), by a motion under Rule 12(c), or at trial. The defense of failure to state a claim is not properly raised in a 12(h)(3) motion. Accordingly, the disputed claims are not subject to dismissal for lack of subject matter jurisdiction under Rule 12(h)(3).

---

[4] In support of this argument, Defendant relies on a number of cases granting summary judgment for failure to timely contact an EEO Counselor. Defendant does not, however, cite to cases dismissing Title VII claims for lack of subject matter jurisdiction resulting from a failure to timely contact an EEO Counselor. For example, the Defendant relies on *Thomas v. Nicholson*, No. 2:05-cv-437-WKW, 2007 WL 1857151 (M.D. Ala., June 27, 2007). In *Thomas*, the court granted the defendant's motion for summary judgment, finding all of the discrimination claims, except for the discriminatory discharge claim, to be time barred for failure to report the alleged discrimination within forty-five days of the alleged acts. *Id.* at * 8, 9. The *Thomas* court did not, however, dismiss the claims for lack of subject matter jurisdiction.

[5] Federal Rule of Civil Procedure 8(a)(2) states in pertinent part, "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

**Conclusion**

The Motion Pursuant to Fed. R. Civ. P. 12(h)(3) to Dismiss Count I of Plaintiff's Complaint and to Dismiss any Alleged Hostile Workplace or Sexual Harassment Claim for Lack of Subject Matter Jurisdiction and Memorandum of Law in Support by Defendant Michael D. Griffin (Doc. No. 82, filed Oct. 14, 2009) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties